## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID No. 2209010456 |
| | ) | |
| ELIJAH REGISTER, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted:  March 17, 2023
Decided:  September 26, 2023

*Upon Consideration of*
*Defendant's Motion to Suppress*
**DENIED**

## <u>ORDER</u>

This 26th day of September 2023, upon consideration of Defendant's Motion to Suppress, it appears to the Court that:

1.     On September 21, 2022, the Defendant blundered into an ongoing criminal surveillance of an unrelated suspect.  The suspect was a drug dealer known to the police and known to deal drugs in parking lots of convenience stores, albeit not this particular parking lot of this particular convenience store.

2.     In any event, the suspect under surveillance was in a Wawa store parking lot, apparently getting gas.  While so engaged, the Defendant appeared at the pumps

1

and engaged in a "hand to hand" transaction of some type. Police suspected it was drugs.

3. To confirm or dispel their suspicions, the police followed the Defendant out of the parking lot of the Wawa. All were on foot. The body worn camera of a police officer tells the story of what happened next. The officers approached the Defendant and stopped him for questioning. For our purposes, we will call this a "seizure" within the meaning of the Fourth Amendment.[1] They asked him his name and, as the Defendant put his backpack on the ground, they asked if he had anything in his backpack.

4. This was a critical moment for constitutional purposes. Had the Defendant denied possessing anything, or had he stood mute when asked, the police would be required to justify their subsequent opening and searching the bag. Whether they could have done so consistent with the Constitution is now irrelevant. Because instead of exercising either of these choices, the Defendant told the police there was a gun in his backpack. A firearm is a deadly weapon.[2] Walking around with a firearm in your backpack is "carrying" a concealed deadly weapon.[3] Thus, at that

---

[1] *See, e.g., Hall v. State,* 981 A.2d 1106, 1111 (Del. 2009) ("A person is "seized" within the meaning of the Fourth Amendment when the police, by means of physical force or show of authority, " 'communicate [ ] to a reasonable person that he [is] not at liberty to ignore the police presence and go about his business.' ") (citations omitted).

[2] 11 *Del. C.* §222(6).

[3] 11 *Del. C.* §1442.

point in the interaction, our Fourth Amendment analysis is over, for the Defendant has supplied the police with all the probable cause they need to search inside the backpack and retrieve said handgun, which is exactly what they did.

5. The Defendant was charged with Carrying a Concealed Deadly Weapon. He has moved to suppress the weapon as the fruits of an illegal search. He claims that the police did not have either reasonable suspicion or probable cause to retrieve the handgun he just told them he possessed.

6. Defendant's motion is not well taken. Defendant argues that the alleged drug dealer (the one getting gas in his car) denied selling the Defendant any drugs. Whatever relevance that statement has to the truth, it came too late to be part of this analysis: by the time the drug dealer was stopped in his car and told the police he had not sold drugs to the Defendant, other officers had already stopped the Defendant and he had already told them there was a gun in his backpack.

7. Defendant's only route through his predicament would be if the police did not have a "reasonable articulable suspicion" to believe that the Defendant had just purchased drugs from the dealer with whom he had just interacted in the gas station.

8. It is surely true that not every apparent hand to hand transaction warrants police stopping the parties to inquire further about what just happened. There may indeed be such transactions that raise no suspicions whatsoever. Here, however, the drug dealing suspect was known to sell drugs in the parking lot of convenience

3

stores, he was under active surveillance, and Defendant's conduct was consistent with a drug transaction. Proof beyond a reasonable doubt? Probably not. But certainly within the bounds of a reasonable articulable suspicion to at least stop the Defendant briefly and detain him long enough to allay law enforcement's concerns that he had not just committed a criminal act.[4] Because the Defendant told them he had a firearm in his backpack, he gave them all the additional information they needed to seize the gun and charge him with an offense. The Defendant's admission saves us the trickier question whether police could search Defendant's backpack without further information.

---

[4] Those with further curiosity about what constitutes a reasonable articulate suspicion in the context of convenience store surveillance to justify a stop and ask might consult *Hall v. State*, 981 A.2d at 1110 (activities in a 7-Eleven parking lot lead a narcotics detective to believe it was a drug transaction). *See, also, Hudson v. State*, 23 A.3d 865, 2011 WL 2651089, at *5 (Del. Jul. 6, 2011) (Two vehicles enter a gas station parking lot. An occupant exits his vehicle, enters another vehicle, reenters his vehicle, and departs, without ever purchasing gas or going into the convenience store.); *State v. Watson*, 2015 WL 2210343, at *3 ((Del. Super. May 8, 2015) (Defendant engages in hand-to-hand transactions with the occupants of two other vehicles in a Wawa parking lot).

9. The Defendant also moved to suppress statements he made after invoking his right to silence after being given his *Miranda* warnings. The State has responded that it does not intend to use any such statements – perhaps his problematic admission precipitating his arrest is quite enough – so the Court will deem Defendant's motion to exclude his post *Miranda* statements moot.

Defendant's Motion to suppress the firearm is **DENIED**.

Defendant's Motion to suppress post-Miranda statements is **MOOT**.

**IT IS SO ORDERED**.

/s/ Charles E. Butler
Judge Charles E. Butler, Resident Judge

5